Sean M. Carroll (SBN 027171)
Christopher T. Curran (SBN 032583)
**CLARK HILL PLC**
14850 N Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Email: scarroll@clarkhill.com
ccurran@clarkhill.com
*Attorneys for Defendant J.S. Held LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeffrey Ward,<br><br>Plaintiff,<br><br>v.<br><br>Travelers Personal Insurance Company, a Connecticut corporation; J.S. Held, LLC, a Delaware limited liability corporation; and David Loucado and Jane Doe Loucado, husband and wife,<br><br>Defendants. | Case No.: 2:20-cv-01079-SPL<br><br>**DEFENDANT J.S. HELD LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

## I. INTRODUCTION

Defendant J.S. Held LLC ("J.S. Held" or "Defendant") responds to and opposes Plaintiff Jeffrey Ward's ("Plaintiff") Motion to Strike Improper Citations to Unpublished Arizona Case by Defendants J.S. Held and Travelers ("Motion to Strike"). Plaintiff's Motion to Strike certain citations contained in its Motion to Dismiss (Doc. 10) should be denied because it is procedurally and substantively unsupportable. The Ninth Circuit has made clear that this Court can, in fact, consider unreported decisions. That aside, at least five cases in the District of Arizona have cited to the authority that is the target of Plaintiff's Motion to Strike: *Bennett v. Ins. Co. of the State of Pa.*, 2012 WL 424913

(Ariz. App. 2012). This alone renders inapposite any claim that J.S. Held's citation to the case as persuasive guidance for this Court is improper under Ariz. R. Supreme Court 111. The Court can, and J.S. Held respectfully requests that it does, consider *Bennett,* just as this District Court has in other cases, and apply it to dismiss the frivolous claims asserted by Plaintiff against J.S. Held and its employee. This Response is supported by the following Memorandum of Points and Authorities and also incorporates the arguments set forth in Defendant Travelers' Response to Plaintiff's Motion to Strike, to the extent applicable.

## II. DISCUSSION

Relying solely upon Ariz. R. Supreme Court 111 to file the least granted type of motion in civil practice, and thereby needlessly ratcheting up the fees (not to mention, the rhetoric), Plaintiff's Motion to Strike seeks to have the Court strike all citations to *Bennett v. Ins. Co. of the State of Pa.*, 2012 WL 424913 (Ariz. App. 2012) as improper. Judicial economy would have been better served if Plaintiff would have simply argued this in a response to J.S. Held's Motion to Dismiss on its merits. That is, if Plaintiff had bothered to timely file one. (*See* Doc. 13). Regardless, Plaintiff's Motion to Strike is both procedurally and substantively meritless and should be denied.

Motions to strike are a drastic remedy and generally disfavored. *See Satantic Temple v. City of Scottsdale*, 423 F. Supp. 3d 766, 778 (D. Ariz. 2019). Plaintiff requests the Court strike all citations to *Bennett* because it is not a published decision made after January 1, 2015, and therefore, cannot be cited to under Ariz. R. Supreme Court 111(c). But the Ninth Circuit has made clear that federal courts may consider unpublished state decisions, even though such opinions have no precedential value. *Employers Ins. Of Wausau v. Granite State Ins. Co.,* 330 F. 3d 1214, 1220 n.8 (9th Cir. 2003); *see also United States v. Martinez-Lopez,* 864 F. 3d 1034, 1049 n.3 (9th Cir. 2017)*;* and *Altman v. HO Sports Co., Inc*, 821 F. Supp. 2d 1178, 1189 n.14 (E.D. Cal. 2011) ("The Court is not

bound by state rules regarding unpublished cases, and may consider unpublished cases as persuasive authority.") (citations omitted)). Thus, contrary to Plaintiff's argument, this Court *can* look to *Bennett,* an unpublished Arizona state court decision, as persuasive context to examine (and dismiss) Plaintiff's wholly meritless claims against J.S. Held and its employee. This alone is reason to deny Plaintiff's Motion to Strike.[1]

That aside, Plaintiff's Motion to Strike is belied by its own lengthy discussion of *Chukly v. American Mutual Insurance Company*, a 2017 District Court case, which itself, acknowledges *Bennett's* value. In *Chukly,* the Arizona District Court specifically cited *Bennett* in addressing whether Arizona state courts would even permit an allegation of aiding and abetting against an agent of an insurance company. *See Chukly*, 2017 WL 5952759 at *3. In fact, Plaintiff routinely cites *Chukly* in its other pleadings. *See* Reply in Support for Remand to State Court (Doc. 14 at 1:28; 4:14-17; 5:5-17; 9:8-28; 11:12-25); and its untimely Response to Motion to Dismiss (Doc. 16 at 2:2-18; 5:12-17; 6:24-7:6; 9:17-19). Plaintiff even admits that his counsel sent an email to J.S. Held's counsel on June 6, 2020, "discussing *Chukly* well before filing [of] the June 22 MTD." *See* Plaintiff's untimely Response to Motion to Dismiss (Doc. 16 at 2:6-8).

Notably, *Chukly* is not alone in citing *Bennett.* This Court has cited *Bennett* in at least four other cases. *See Lambert v. Liberty Mut. Fire Ins. Co.*, 2014 WL 5432154 (D. Ariz.) at *3; *Rosso v. Liberty Ins. Co.*, 2016 WL 4013614 (D. Ariz.) at *2; *Jones v.*

---

[1] Although the Court need not consider it, equally flawed is Plaintiff's misplaced argument that the Motion to Strike is properly brought based upon principles of "comity." (Doc. 12 at 4:25-27). Under principles of comity, "courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction, not as a matter of obligation, but out of deference and mutual respect." *Beltran v. Harrah's Arizona Corp.*, 220 Ariz. 29, 33, 202 P.3d 494, 498 (Ct. App. 2008). But if comity applies here, then Plaintiff must necessarily be conceding that *Bennett* is, indeed, a valid "judicial decision of another jurisdiction," as opposed to an unpublished, and therefore, invalid decision. And if that is true, then by Plaintiff's logic, comity dictates that his Complaint be dismissed by applying *Bennett.*

*Colorado Cas. Ins. Co.*, 2015 WL 1806726 (D. Ariz. 2015) at *5; and *Demetrulias v. Wal-Mart Stores Inc.*, 917 F. Supp. 2d 993, 1007 (D. Ariz. 2013). Plaintiff's own filings acknowledge as much. ("But a simple cite check of *Bennett* would quickly reveal that it has been cited just five times, and one of those five cites was in *Chukly* . . .") *See* Plaintiff's (untimely) Response to Motion to Dismiss (Doc. 16 at 2:2-4).

In short, Plaintiff's Motion to Strike identifies nothing about Ariz. R. Supreme Court 111 that prevents a party from providing additional background and context for a case that has been specifically discussed by the District Court. That is especially true here, where J.S. Held *specifically* acknowledged that *Bennett* is *persuasive* authority, and never portrayed it as binding on this Court. (Doc. 10 at 6:9-11). Accordingly, except for Plaintiff's own fear that this Court will deem it as persuasive and dispositive on this issue, as other courts have, nothing prevents J.S. Held from citing to *Bennett* or this Court from acknowledging it again. Accordingly, Plaintiff's citation to Ariz. R. Supreme Court 111 is misplaced and its Motion to Strike should be denied.

## III. <u>CONCLUSION</u>

Plaintiff's Motion to Strike lacks procedural and substantive basis. The Court can consider *Bennett* as persuasive authority. Indeed, the Court has considered it in multiple instances. It should do so again, because it makes clear that Plaintiff's claims against J.S. Held and its employee are legally unsupportable, and that J.S. Held's Motion to Dismiss should be granted. The Motion to Strike should be denied.

Dated this 15th day of July, 2020.

**CLARK HILL PLC**

By: *s/ Christopher T. Curran*
Sean M. Carroll
Christopher T. Curran
*Attorneys for Defendant J.S. Held LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to the following CM/ECF registrants:

Michael N. Poli
Lawrence R. Moon
POLI, MOON & ZANE, PLLC
2999 North 44th Street, Suite 325
Phoenix, AZ 85018
mpoli@pmzlaw.com
lmoon@pmzlaw.com
*Attorneys for Plaintiff*

Amy L. Stein
Amy M. Samberg
FORAN GLENNON PALADECH PONZI & RUDLOFF PC
One Arizona Center
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004
astein@fgppr.com
asamberg@fgppr.com

*s/ Joyce Johnston*