Sean M. Carroll (SBN 027171)
Christopher T. Curran (SBN 032583)
**CLARK HILL PLC**
14850 N Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Email: scarroll@clarkhill.com
ccurran@clarkhill.com
*Attorneys for Defendant J.S. Held LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jeffrey Ward,<br><br>Plaintiff,<br><br>v.<br><br>Travelers Personal Insurance Company, a Connecticut corporation; J.S. Held, LLC, a Delaware limited liability corporation; and David Loucado and Jane Doe Loucado, husband and wife,<br><br>Defendants. | Case No.: 2:20-cv-01079-SPL<br><br>**DEFENDANT J.S. HELD LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION**<br><br>**(Oral Argument Requested)** |

Defendant J.S. Held LLC ("J.S. Held" or "Defendant") hereby replies in support of its Motion for Summary Adjudication (Doc. 13). Plaintiff Jeffrey Ward ("Plaintiff"), in his Response to the Motion for Summary Adjudication, initially states that his counsel's paralegal mistakenly added three days to the length of time provided by LRCiv 7.2 because "[s]uch extension was appropriate under the former version of Rule 6(d), Fed. R. Civ. P." *See* Plaintiff's Response (Doc. 15) at 1:24-26.

Fed. R. Civ. P. 6 was last amended on April 28, 2016, which changes took effect on December 1, 2016. Thus, the latest revision of the Rule went into effect over three

and a half (3 ½) years ago. Therefore, Plaintiff's claim that the three (3) day extension that was formerly provided in Rule 6 between 2009 and 2016 is a dubious excuse for noncompliance with the existing rules.

Likewise, Plaintiff's other argument of "excusable neglect" is equally unavailing. All of the cases cited by Plaintiff address an incorrectly docketed response deadline caused by some outside force or unforeseen circumstance. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) (plaintiff faced an exceptionally constrained deadline resulting from the peculiar dictates of the local rules for the Central District of California and the deadline immediately followed after Labor Day weekend); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (plaintiff's attorney had a family emergency and was out of the office and unaware that the defendant filed a motion for summary judgment that had a deadline which expired while plaintiff's counsel was still out of the country); and *Smith v. Lenches*, 263 F.3d 972 (reviewing a grant of voluntary dismissal under Rule 41(a)(2)). None of these circumstances are present here.

Mistake of law, misunderstanding of the rules, and inadvertence do not amount to "good cause" or "excusable neglect" under Fed. R. Civ. P. 6(b). *See, e.g.*, Pioneer, 507 U.S. at 392 ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C. 2003) ("Were the court to find that counsel's act of 'inadvertently overlook[ing]' a filing deadline is 'excusable neglect,' then the standard [under Rule 6(b)] would be rendered meaningless."); *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (determining that attorneys' mistaken belief that the motion was subject to rule adding three days to filing period did not constitute excusable neglect warranting extension of time for filing notice of appeal as the rule is unambiguous) (cert. denied, 526 U.S. 1005 (1999)); *U.S.C.I.A.*, 246 F.R.D. 380, 383-85 (finding that defendant's "mis-calendaring of the due date" did not constitute excusable neglect); *Lowry v. McDonnell*

*Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000) (holding that failure to accurately calculate the thirty-day appeal period is not excusable neglect).

Plaintiff's decision to cast another needless aspersion at Defendant by claiming that its Motion is an "abuse of the Rules of Civil Procedure…" does not impact the legal analysis. Indeed, in the same argument, Plaintiff admits that the Motion is "<u>technically correct</u>." (Doc 15 at 3:17-20).

Nor does the fact that Plaintiff never bothered to serve Defendant Loucado aid him. Plaintiff initiated this case in the Maricopa County Superior Court on May 1, 2020. Defendant filed its Motion to Dismiss fifty-two (52) days later, on June 22, 2020. At the time of filing, Plaintiff still had not bothered serving Defendant Loucado. As such, he had no obligation to participate in this action. Moreover, the outcome of J.S. Held's Motion to Dismiss applies with equal force to him as its employee. Notwithstanding, Mr. Loucado will file a joinder in short order on behalf of himself and his marital community to J.S. Held's Motion to Dismiss.

## <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiff's arguments raised in his Response to Defendant's Motion for Summary Adjudication do not demonstrate excusable neglect. Defendant's Motion for Summary Adjudication should be granted, dismissing Plaintiff's Complaint.

Dated this 15th day of July, 2020.

**CLARK HILL PLC**

By: *s/ Christopher T. Curran*
Sean M. Carroll
Christopher T. Curran
*Attorneys for Defendant J.S. Held LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to the following CM/ECF registrants:

Michael N. Poli
Lawrence R. Moon
POLI, MOON & ZANE, PLLC
2999 North 44th Street, Suite 325
Phoenix, AZ 85018
mpoli@pmzlaw.com
lmoon@pmzlaw.com
*Attorneys for Plaintiff*

Amy L. Stein
Amy M. Samberg
FORAN GLENNON PALADECH PONZI & RUDLOFF PC
One Arizona Center
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004
astein@fgppr.com
asamberg@fgppr.com

*s/ Joyce Johnston*