1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8    Jeffrey Ward,                          )    No.  CV-20-01079-PHX-SPL
                                            )
9                                           )
               Plaintiff,                   )    **ORDER**
10                                          )
     vs.                                    )
11                                          )
     Travelers Personal Insurance           )
12   Company, et al.,                       )
                                            )
13                                          )
               Defendants.                  )
14                                          )

15

16          Before the Court is a Motion to Remand (Doc. 9) filed by Jeffrey Ward ("Plaintiff").

17   For the reasons that follow, the Court will grant the motion and remand this case to state

18   court.

19   **I.    Background**

20          Plaintiff owns a home in Scottsdale, Arizona (the "Property"). (Doc. 1-3 at 3) In

21   October of 2018, a wind and hailstorm caused damage to the Property. (Doc. 1-3 at 3) At

22   that time, Plaintiff had a homeowner's insurance policy through Travelers Personal

23   Insurance Company ("Defendant Travelers"). (Doc. 1-3 at 3) Plaintiff submitted a claim to

24   Defendant Travelers for the hail damage, and Defendant Travelers valued the loss at

25   $2,310.85. (Doc. 1-3 at 3-4) Unsatisfied with the damage estimate, Plaintiff hired

26   independent parties to estimate the value of damage at the Property. (Doc. 1-3 at 4)

27   Plaintiff's independent investigation estimated the damage to be approximately $19,000.

28   (Doc. 1-3 at 4) Plaintiff submitted the independent valuation to Defendant Travelers, and

Defendant Travelers increased its initial estimate to $16,463.85. (Doc. 1-3 at 5)

In September of 2019, Defendant Travelers retained J.S. Held LLC ("Defendant J.S. Held"), a construction consulting company, to further estimate the value of the repairs at the Property. (Doc. 1-3 at 5) Although Plaintiff believed that the hail damage to his stucco roof required $374,146.53 in repairs, Defendant Travelers—after consulting with Defendant J.S. Held—maintained that the roof damage was caused by oxidation and not physical damage from the hail. (Doc. 1-3 at 6) On February 5, 2020, Defendant Travelers issued a denial letter to Plaintiff, stating that much of the damage to the Property was not caused by the hailstorm. (Doc. 1-3 at 8)

On May 1, 2020, Plaintiff filed this case in the Maricopa County Superior Court, arguing that Defendant Travelers had breached its duty of good faith and fair dealing by "lowballing" its damage estimate. (Doc. 1-3 at 10-11) Plaintiff also alleged a claim for tortious bad faith in handling the insurance claim. (Doc. 1-3 at 12) Plaintiff further alleged that Defendant J.S. Held (and its employee) illegally aided and abetted Plaintiff by failing to conduct a formal inspection of the Property and failing to present a written report and estimate using software programs that are customary in the insurance industry to calculate the estimates. (Doc. 1-3 at 9, 13-14)

On June 2, 2020, Defendant Travelers removed the case to this Court pursuant to 28 U.S.C. § 1441(b), claiming diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1) Plaintiff now moves to remand this action back to state court for lack of subject matter jurisdiction and seeks an award of attorneys' fees and costs. (Doc. 9) The motion is fully briefed and ready for review. (Docs. 9, 11, 14)

## II.     Legal Standard

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). However, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

1    "defendant always has the burden of establishing that removal is proper." *Id.*

2    For purposes of diversity jurisdiction under 28 U.S.C. § 1332, each plaintiff must

3    be of a different citizenship from each defendant. "In determining whether there is

4    complete diversity, district courts may disregard the citizenship of a non-diverse defendant

5    who has been fraudulently joined." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir.

6    2018) (citation omitted). A defendant may establish fraudulent joinder by showing actual

7    fraud in the pleading of jurisdictional facts. *Id.* Alternatively, a defendant may establish

8    fraudulent joinder by showing an inability of the plaintiff to establish a viable cause of

9    action against the non-diverse party under state law. *Id.* "But if there is a *possibility* that a

10   state court would find that the complaint states a cause of action against any of the resident

11   defendants, the federal court must find that the joinder was proper and remand the case to

12   the state court." *Id.* (internal quotations and citation omitted) (emphasis in the original).

13   **III.   Discussion**

14   **A.     Aiding and Abetting Claim**

15   Plaintiff argues that his aiding and abetting claim against Defendant J.S. Held could

16   possibly prevail under Arizona law, and therefore, Defendant Travelers fails to meet the

17   standard required to prove fraudulent joinder. (Doc. 9 at 6) In response, Defendant

18   Travelers asserts that a 2012 unpublished opinion from the Arizona Court of Appeals,

19   *Bennett v. Insurance Company of State of Pennsylvania*, No. 1 CA-CV 10-0815, 2012 WL

20   424913, at *8 (Ariz. Ct. App. Feb. 9, 2012), definitively establishes that aiding and abetting

21   an insurer's alleged bad faith is not a viable cause of action under Arizona law because

22   consultants to an insurer cannot aid, abet, or conspire with the insurer to commit bad faith.

23   (Doc. 11 at 5-8) In the alternative, Defendant Travelers argues that even if aiding and

24   abetting is a recognized claim, Plaintiff has failed to plead a necessary element of his claim.

25   Citing *Ortiz v. Zurich American Insurance Company*, No. CV-13-02097-PHX-JAT, 2014

26   WL 1410433, *3 (D. Ariz. Apr. 11, 2014), Defendant Travelers further asserts that rulings

27   within the District of Arizona consistently conclude that there can be no aiding and abetting

28   claim against an insurer's consultant in the absence of a separate tortious act by the

1   consultant. (Doc. 11 at 9)

2   　　　Defendant Travelers cites cases from various federal districts in support of its

3   position, but Defendant ignores *Chukly v. American Family Mutual Insurance Company*,

4   No. CV-17-0088-TUC-RCC (LCK), 2017 WL 5952759 (D. Ariz. June 7, 2017). There, a

5   magistrate judge offered a report and recommendation in a case comparable to the facts

6   present here. The magistrate judge explained:

7   　　　　　This Court has been presented with motions seeking dismissal of aiding and

8   　　　　　abetting claims brought [under Arizona law] against adjusters numerous

9   　　　　　times in the last ten years. In all of the cases, the actions of the adjuster

10   　　　　　significantly (if not entirely) overlapped with the actions alleged as the basis

11   　　　　　for the bad faith claim against the insurer. Despite the factual similarity in

12   　　　　　the cases, the Court found the facts were sufficient to state a claim for aiding

13   　　　　　and abetting only about half the time. The cases dismissing the aiding and

14   　　　　　abetting claim found a separate tortious act by the adjuster was necessary and

15   　　　　　had not been pled; the cases allowing the aiding and abetting claim

16   　　　　　determined that pleading the elements of aiding and abetting by the adjuster

17   　　　　　was sufficient without identifying two distinct tortious acts.

18   *Id.* at *3. After reviewing several cases within the District of Arizona, the magistrate judge

19   concluded that "it is not obvious to the Court that [p]laintiffs have failed to state a claim

20   under Arizona law." *Id.* at *4. The District Court ultimately adopted the magistrate judge's

21   recommendation and remanded the case back to the Arizona state court. *Chukly v. Am.*

22   *Family Mut. Ins. Co.*, No. CV-17-0088-TUC-RCC (LCK), 2017 WL 3262541 (D. Ariz.

23   Aug. 1, 2017).

24   　　　Defendant Travelers has not identified a published Arizona Supreme Court or

25   Arizona Court of Appeals case since *Chukly* that clarifies a claim for aiding and abetting

26   in the context of insurance bad faith. It remains unclear whether Plaintiff has sufficiently

27   stated a claim for aiding and abetting against Defendant J.S. Held under Arizona law, and

28   therefore, this Court finds that Defendant Travelers has not met its burden to prove

4

1   fraudulent joinder. This case shall be remanded back to the Maricopa County Superior

2   Court. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (stating that

3   the burden is on the defendant to establish federal jurisdiction, and removal jurisdiction is

4   strictly construed by federal courts).

5   **B.     Attorneys' Fees**

6   Plaintiff argues that it is entitled to attorneys' fees pursuant to 28 U.S.C. § 1447(c)

7   because Defendant Travelers did not have an "objectively reasonable basis" for removal.

8   (Doc. 9 at 6) The Court agrees remand is warranted but does not find that there was no

9   objectively reasonable argument for removal. The courts within this District have

10  interpreted claims for aiding and abetting in different fashions, and it is objectively

11  reasonable to argue that the complaint in this case does not state a claim against Defendant

12  J.S. Held. Thus, although Defendants have failed to satisfy the heavy burden of proving

13  fraudulent joinder for purposes of removal, the Court does not conclude that attorneys' fees

14  should be awarded.

15  **C.     Remaining Motions**

16  Because this case will be remanded, all the remaining motions before this Court are

17  denied as moot. The Court recognizes that the parties have an outstanding joint discovery

18  dispute. (Doc. 26) Defendants are requesting that the Court bar Plaintiff's impending sale

19  of the Property. However, Defendants have not filed a temporary restraining order,

20  preliminary injunction, or any other motion that would allow this Court to provide legal

21  relief in this case. Therefore, the case will be remanded without addressing the discovery

22  dispute.

23  Accordingly,

24  **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is **granted**.

25  **IT IS FURTHER ORDERED** that Defendant J.S. Held's Motion to Dismiss (Doc.

26  10), Defendant J.S. Held's Motion for Summary Adjudication (Doc. 13), Plaintiff's Motion

27  to Strike (Doc. 12), and Defendants David Loucado and Jane Doe Loucado's Motion to

28  Dismiss (Doc. 24) are **denied as moot**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to the Maricopa County Superior Court and terminate this action.

Dated this 13th day of August, 2020.

Honorable Steven P. Logan
United States District Judge